*267 OPINION OF THE COURT
Daniel J. Donahoe, J.
The court noting the order of February 27, 1979 notes that this matter comes on by petition pursuant to section 651 of the Family Court Act, by the natural father of the two minor children named therein, requesting an order awarding him custody of said children. The natural mother, the respondent, is unable to be present in court today due to the fact she is currently serving an indefinite sentence of 1 to 10 years in prison in the State of California following a welfare fraud conviction in California Superior Court. Counsel for the respondent having been duly assigned pursuant to section 262 of the Family Court Act, as implemented by article 18-B of the County Law, now argues that this court does not have jurisdiction to entertain the father’s petition.
The parties were divorced on February 25, 1977 by the Superior Court of California in Orange County. The divorce decree ordered that the custody of the two children of this union be awarded to the natural mother. Although this court notes that the children were absent from the State of California from July 19, 1976 to June 19, 1977, it is unable to find any infirmity in this aspect of the California decree. In so determining, the court is assuming that sufficient evidence was presented at that hearing pertaining to the maintenance, care and education of these children so as to assure that the California court considered the needs of the children, thereby reaching a decision that was properly in the best interests of the children at the time.
The father, in his petition in New York, now alleges that since the time of this decree (Feb. 25, 1977) until June 19, 1977, the children remained in New York State and were visited only once by the respondent, at which time she took the children with her to California. Petitioner further alleges that respondent kept the children until June 15, 1978, when she was sentenced following her conviction of welfare fraud against the State of California. The petitioner continues that on the advice of the District Attorney’s office of Orange County, California, he took the children into his physical custody and brought them back to New York State. The petitioner father now seeks a modification of the California decree — in effect — granting to him permanent legal custody of the children. While unable to personally appear in this matter as a result of her incarceration, the respondent is nevertheless *268 duly represented by counsel and she has communicated to the court that she is unwilling to relinquish custody of the children to the petitioning father.
The procedure for the modification of out-of-State custody awards is now set out in article 5-A of the Domestic Relations Law, referred to as the Uniform Child Custody Jurisdiction Act (UCCJA), which sets limits on a subscribing State’s acceptance of jurisdiction in child custody cases. The concept delineated by the UCCJA is for the courts of the "home State” of the child to serve as the proper forum for determining custody issues initially, as well as for seeking modification of such awards, with other States channeling any relevant data they might possess to the "home State” court. The intent behind the creation of this statutory scheme was to encourage other States to co-operate but not compete with the "home State” in custodial matters. Furthermore, the UCCJA seeks to discourage the continued controversies and subsequent relitigation of custody decisions which are frequent occurrences in this troubled area of the law. (See Domestic Relations Law, § 75-b, subd 1, pars [a], [d], [f]; Governor’s Approval Message of L 1977, ch 493; Memorandum of Office of Court Administration, L 1977, ch 493.) Subdivision 1 of section 75-o of the Domestic Relations Law states "[i]f a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction.” (Emphasis supplied.)
Upon careful review of the facts presented by the parties to this proceeding, the court cannot find as a matter of law that the California court that rendered the original custody award does not have jurisdiction to modify its own award of custody in accordance with the scheme set forth by the UCCJA, which the court notes has been adopted by California as well as New York.
It has also been advanced that the court could properly assume jurisdiction under the emergency jurisdiction provisions of the UCCJA. Section 75-d (subd 1, par [c]) states, "a court of this state [New York] which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when: *269 * * * the child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child”.
Scholars in this area of the law have cautioned courts that the emergency jurisdiction provisions of the act should not be misused in such a manner as to defeat the purpose of the act. In the volume and work of Foster and Freed (The Law and the Family, vol 2, 1979, Supp, p 392) appears the following: "Such emergency jurisdiction obviously is essential but may become the subject of abuse if an emergency is too readily found by a court which is not in sympathy with the objectives of the Uniform Act. Hopefully, our courts will accept and implement the Act’s objectives and emergency jurisdiction will not become a loophole.”
With this in mind, the court is unable to find facts sufficient to invoke the emergency jurisdiction provisions of the UCCJA. Neither subdivision 2 of section 371 of the Social Services Law which defines an "abandoned child” nor subdivision 5 of section 384-b of the Social Services Law, which amplifies this definition, warrants a finding of abandonment on the part of the respondent. Furthermore, the court finds nothing in the record to indicate that the immediate physical and mental welfare of the children requires this court to assume jurisdiction at this point in time. (Let the record show that at this time the Law Guardian duly assigned to represent the children has reassured the court in his investigation that the immediate physical and mental welfare of the children should not become an issue.)
It must be noted that the paramount concern in these matters is the best interest of the children, and it is not at all clear how the assumption of jurisdiction at this time by this court would further those interests. There is nothing presented in this record to show that the courts of California are not competent nor willing to adjudicate this matter before us now. If respondent is to lose her award of permanent custody, that is a matter for the California court to decide, as it is the proper forum to best decide this issue and can most easily afford all parties their guarantee of due process.
Therefore the court finds that it is without jurisdiction at this time to act in this matter with the exception that nothing in this order would preclude the petitioner from returning to this court should the California court decline jurisdiction over *270 the matter or rule that New York would be the more appropriate forum to hear this matter.
The petition is hereby dismissed.
It is hereby directed that a copy of this decision be transmitted to the Clerk of the Court of Superior Court, State of California, County of Orange, for the attention of the proper Judge of that court (possibly Honorable Donald A. McCartin) so that the California court might take the proper action in this matter to either on its own motion modify its order granting the petitioning father temporary custody pending the release of the mother from her incarceration so that she may have her day in court or make such other order as the court would determine proper in this matter.